**Thomas J. BLADE, Plaintiff–Appellant,**

v.

**UNITED STATES BANKRUPTCY COURT; Michael D. Webb, Clerk; Kenneth Jordan, Deputy in Charge; Lynette Glover, Assistant Deputy in Charge, Defendants–Appellees.**

No. 00–4094.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before MARTIN, Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

*ORDER*

Thomas J. Blade appeals a district court judgment that dismissed his employment discrimination action construed as filed under the authority enunciated in *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Blade filed his "complaint for determination of violation of due process and equal

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

protection" pro se in the district court alleging that he was fired from his job with the United States Bankruptcy Court in 1996 after he did not appear for work due to illness. The government moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that the government's motion to dismiss be granted, and plaintiff filed objections and a motion for leave to file an amended complaint. In addition, this case was assigned to Judge Bertelsman of the United States District Court for the Eastern District of Kentucky after judges of the Southern District of Ohio recused themselves. Following a hearing at which plaintiff was represented by retained counsel, the district court denied plaintiff's motion for leave to file an amended complaint, adopted the magistrate judge's recommendation and dismissed plaintiff's complaint. Plaintiff filed a timely notice of appeal. On appeal, plaintiff again is proceeding pro se and contends that he was denied due process and equal protection in his firing. The government essentially responds that the district court's judgment was proper.

Upon consideration, we affirm the judgment for the reasons stated by the district court in its opinion filed August 2, 2000. Essentially, plaintiff's claims are not cognizable under the authority enunciated in *Bivens* because a comprehensive scheme is available under the Civil Service Reform Act to address the alleged wrongs. *See Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *Bush v. Lucas,* 462 U.S. 367, 381–88, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Jones v. TVA,* 948 F.2d 258, 262–64 (6th Cir.1991). No other jurisdictional basis for plaintiff's claims exists. Accordingly, the district court properly dismissed plaintiff's complaint and denied his motion for leave to file an amended complaint for lack of subject matter jurisdiction.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.